# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LISA GERIDEAU-WILLIAMS, | ) | |
|---|---|---|
| | ) | Civil Action No. 16-1282 |
| Petitioner, | ) | |
| | ) | Related to: Crim. Action No. 10-124 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is Petitioner Lisa Gerideau-Williams's "Motion to Reduce Sentence Pursuant to 18 U.S.C. Section 2255 (Not a second or successive motion)" (Doc. 185). For the reasons that follow, Petitioner's Motion will be dismissed for lack of subject matter jurisdiction.

Petitioner requests that her sentence be vacated, and she be resentenced, utilizing the definition of "intended loss" as set forth in Amendment 792 to the United States Sentencing Guidelines ("U.S.S.G."), effective on November 1, 2015. Doc. 185 at 2, ¶ 3. Petitioner argues that Amendment 792 is a clarifying amendment that should apply retroactively to her case, and that, once the definition of "intended loss" per Amendment 792 is applied, her loss-level enhancement should be reduced from 16 to 12 levels. Id.

In relevant part, Amendment 792 revised Note 3(A)(ii) of the Commentary to §2B1.1, with respect to the definition of intended-loss, "by striking '(I) means the pecuniary harm that was intended to result from the offense; . . . and inserting '(I) means the pecuniary harm that the

defendant purposely sought to inflict . . . .'" U.S.S.G. Supp. to App'x C, Amend. 792 (Nov. 1, 2015) (emphasis added). The reason for the amendment was explained as follows:

> Intended Loss
>
> [T]he amendment revises the commentary at §2B1.1, Application Note 3(A)(ii), which has defined intended loss as "pecuniary harm that was intended to result from the offense." In interpreting this provision, courts have expressed some disagreement as to whether a subjective or an objective inquiry is required. . . .
>
> The amendment . . . revis[es] the commentary . . . to provide that intended loss means the pecuniary harm that "the defendant purposely sought to inflict." The amendment reflects the Commission's continued belief that intended loss is an important factor in economic crime offenses, but also recognizes that sentencing enhancements predicated on intended loss, rather than losses that have actually accrued, should focus more specifically on the defendant's culpability.

Id. (citations omitted).

This is not Petitioner's first Motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner filed her first Motion on February 2, 2015 (Doc. 171). It was denied by Order of Court on December 11, 2015 (Doc. No. 175), and the appellate court affirmed the Court's Order on June 6, 2016 (Doc. 184).

In response to Petitioner's current Motion, the government argues that it must be denied because Amendment 792 "does not apply retroactively to cases on collateral review." Doc. 189 at 2. More specifically, the government contends that Amendment 792 does not qualify for retroactive applicability because, pursuant to 28 U.S.C. § 3582(c)(2), only amendments expressly listed in U.S.S.G. § 1B1.10(d) are to be applied retroactively, and Amendment 792 is not so-listed. Id. at 3-4.

In reply, Petitioner reiterates her position that her Motion can and should be considered pursuant to 28 U.S.C. § 2255. Doc. 191 at 1-2. She further argues, "the law is clear that courts can give retroactive effect to a clarifying (as opposed to substantive) amendment regardless of

2

whether it is listed in U.S.S.G. § B1.10"; she contends that Amendment 792 is a clarifying amendment; and she posits that "the newly amended language in Amendment 792 results in a reduction of the loss enhancement from the 16-level intended loss to a 12-level actual loss," and she must be resentenced. Id. at 2-3. Finally, Petitioner asserts that, while she believes that her Motion properly is brought pursuant to Section 2255, if it should be considered as one brought pursuant to 18 U.S.C. §3742, then she "requests that this [C]ourt properly classify [the filing] according to its content, without regard to its caption." Id. at 3-4 (citing 18 U.S.C. § 3742).

Petitioner's status as a former-lawyer notwithstanding, the Court is required to liberally construe her filings with an eye toward substance, rather than form. U.S. v. Delgado, 363 F. App'x. 853, 855 (3d Cir. 2010) (citing U.S. v. Miller, 197 F.3d 644, 648 (3d Cir. 1999)).

As an initial matter, the Court finds that the current Motion is not, as Petitioner argues in the alternative, one properly brought pursuant to 18 U.S.C. § 3742. Section 3742 expressly confers jurisdiction to the appellate court, not the district court, to review sentences in criminal cases. See 18 U.S.C. § 3742(e). Rather, the Court finds that Petitioner can assert her claim as a motion to vacate pursuant to Section 2255. See U.S. v. Marmolejos, 140 F.3d 488, 491 (3d Cir. 1988) (analyzing arguments regarding a post-sentencing amendment to the application notes under Section 2255); Mendoza v. U.S., 2017 WL 1293575, *1 (W.D. Pa. Apr. 6, 2017) (denying petitioner's second 2255 motion, premised on the applicability of U.S.S.G. Amendment 794).

Turning to Petitioner's instant filing, as mentioned above, it is not her first Section 2255-Motion. Petitioner's first Motion was filed in 2015, and this is significant because, in 1996, Congress enacted AEDPA, which requires that, before filing a second or successive Section 2255 motion with a district court, an applicant must "move in the appropriate court of appeals for

an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); accord Rule 9 of the Rules Governing § 2255 Proceedings (directing same).

The Court finds that Petitioner's current 2255-Motion, in which she identifies a new basis for relief not presented in her first Motion, is "second or successive." Because Petitioner did not first request authorization from the Court of Appeals for the Third Circuit, this Court lacks subject matter jurisdiction. See 28 U.S.C. § 2255(h); Mendoza, 2017 WL 1293575, at *2-3 (holding that petitioner's 2255 motion, premised upon the applicability of newly-enacted Amendment 794, was a second or successive Section 2255 motion, and, therefore, the court lacked subject matter jurisdiction).

While 28 U.S.C. § 1631 provides that a court lacking jurisdiction over a case "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought," in this case, it is not in the interest of justice to transfer this matter to the Court of Appeals because Petitioner has not alleged facts indicating that the claim advanced in her second 2255-Motion satisfies the gatekeeping requirements in 28 U.S.C. § 2255(h). See 28 U.S.C. §§ 1631, 2255(h)(1) & (h)(2). Specifically, Petitioner has not identified any newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found her guilty; and she does not cite any new rule of constitutional law that has been made retroactively-applicable to cases on collateral review. See Hatches v. Schultz, 381 F. App'x. 134, 137 (3d Cir. 2010); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002); Mendoza, 2017 WL 1293575, at *3. Therefore, Petitioner's

current Motion will be dismissed, rather than transferred, based on the Court's lack of jurisdiction.[1]

In so holding, the appellate court's decision in Lee v. U.S., 2000 WL 875359 (6th Cir. June 19, 2000) is instructive. In Lee, the petitioner, like Williams, sought a sentence reduction based on Amendment 503 to the sentencing guidelines; Amendment 503, like Amendment 792, had not been given retroactive effect by U.S.S.G. § 1B1.10(c) (the prior version of U.S.S.G. § 1B1.10(d)). Id. at *1. The appellate court affirmed the district court's denial of petitioner's motion, brought pursuant to 28 U.S.C. §3582, because the amendment was not given retroactive effect by § 1B1.10(c). The court further explained that, "[w]hile clarifying amendments to the Sentencing Guidelines may be applied retroactively to reduce a defendant's sentence, [the petitioner] must seek this relief in a motion to vacate sentence under 28 U.S.C. § 2255." Id. The appellate court then reasoned:

> [Petitioner] first must obtain this court's permission to bring a § 2255 motion because he filed a prior motion to vacate. . . . Before the appellate court may grant a request to file a second motion to vacate sentence, the applicant must make a *prima facie* showing that: 1) newly discovered evidence exists which, if proven and viewed in light of the evidence as a whole, sufficiently establishes that no reasonable factfinder would have found the movant guilty of the offense; or 2) a previously unavailable rule of constitutional law exists that the Supreme Court made retroactive to cases on collateral review. See 28 U.S.C. §§ 2244(b)(3)(C) and 2255 . . . .

Id. at *2 (some citations omitted). Ultimately, the Lee Court concluded that the defendant "ha[d] not made this showing. [He] clearly is not relying on any newly discovered evidence. While he is relying on a previously unavailable amendment to the Sentencing Guidelines[,]

---

[1] To be clear, nothing stated herein prevents Petitioner from filing a request to file a second or successive § 2255 motion before the Court of Appeals for the Third Circuit.

Amendment 503 is not a new rule of constitutional law and, therefore, does not meet the requirements of §§ 2244(b)(3) and 2255." Id.

For all of the reasons stated above, the Court hereby enters the following:

## II. ORDER

Petitioner's Motion (**Doc. 185**) is **DISMISSED**, and a certificate of appealability will not issue, because Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.


October 18, 2017                    s\Cathy Bissoon
                                    Cathy Bissoon
                                    United States District Judge

cc (via email notification):

All counsel of record


cc (via First-Class, U.S. Mail):

Lisa Gerideau-Williams
USMS 32112068
Cottage B-1
Alderson Federal Camp
P.O. Box A
Alderson, WV  24910